Dear Honorable Lamb,
The Attorney General has received your request for an official opinion asking, in effect:
 Does the prohibition in 69 O.S. 1275(c)(3) (1981) against signs located within 500 feet of public parks, public forests, playgrounds or cemeteries, which are adjacent to any interstate or federal-aid primary highway, apply to signs located both within and outside incorporated municipalities?
Title 69 O.S. 1275(c)(3) (1981) places certain restrictions on the spacing of signs in business areas:
 "Signs visible from a non-freeway primary highway shall not be erected within the limits of an incorporated municipality less than one hundred (100) feet, and outside the limits of an incorporated municipality less than three hundred (300) feet, from another such sign, other than signs described in subsections (a), (b) and (c) of 69 O.S. 1274 of this title, unless separated by a building or other obstruction in such a manner that only one display located within the minimum spacing distances set forth here is visible from the highway at any one time; provided, however, that this shall not prevent the erection of double-faced, back-to-back, or V-type signs with a maximum of two signs per facing, as permitted by subsection (b) of this section. Signs visible from interstate and freeway primary facilities shall not be erected less than five hundred (500) feet from another such sign, other than signs described in subsections (a), (b) and (c) of 69 O.S. 1274 of this title. Outside incorporated municipalities, signs visible from interstate and freeway primary facilities shall not be erected adjacent to or within five hundred (500) feet of an interchange, intersection at grade, or rest area, such distance to be measured along the interstate highway or freeway from the sign to the nearest point of the beginning or ending of pavement widening at the exit from or entrance to the main traveled way. Signs may not be located within five hundred (500) feet of any of the following which are adjacent to any interstate or federal-aid primary highway: public parks; public forests; playgrounds; or cemeteries." (Emphasis added).
The Highway Advertising Control Act ("Act"), 69 O.S. 1271 — 69O.S. 1282 (1981), was passed as a response to the federal Highway Beautification Act, 23 U.S.C.A. 131. State ex rel. Dept. ofTransportation v. Pile, 603 P.2d 337, 345 (Okla. 1979) (Doolin, J., dissenting); cert. denied, 453 U.S. 922, 100 S.Ct. 2960, 64 L.Ed.2d 837.
The Act controls the size, number, spacing, lighting, type, and location of outdoor advertising signs in specified areas along our highways in "control areas," which are defined as:
 "[T]he area which is adjacent to and within six hundred sixty (660) feet of the nearest edge of the right-of-way on any interstate or primary highway within urban areas. Outside of urban areas . . . control area means the area which is visible from the main traveled way on any interstate or primary highway." 69 O.S. 1273(m) (1981). A.G. Opin. No. 80-326.
The federal law requires states to establish "effective control" of outdoor advertising along interstate and primary federal-aid highways or suffer a 10% reduction in federal highway funds. "Effective control" means that only certain signs may be located in the control area.23 U.S.C.A. 131 et seq.
You ask about the provision which controls spacing of signs in the "business area." "Business area" means any part of a control area which is (1) within six hundred sixty (660) feet of the nearest edge of the right-of-way and zoned for business, industrial or commercial activities under the authority of any state zoning law, or city or county zoning ordinance of this state; or (2) not so zoned, but which constitutes an unzoned commercial or industrial area as that term is defined. 69 O.S.1273(n) (1981).
To reach an answer to your question, we must apply certain rules of statutory construction. The first and "cardinal" rule is the ascertainment of legislative intent. Riffe Petroleum Co. v. Great Nat'l.Corp., 614 P.2d 576, 579 (Okla. 1980).
In determining the intent of the Legislature, courts will consider the language of the statute as a whole in light of its general purpose.Okla. Journal Publishing Co. v. City of Okla. City, 620 P.2d 452, 454
(Okla.App. 1979). And, the general laws of the State should be liberally construed to effect their objects and to promote justice. In re Captain'sEstate, 130 P.2d 1002, 1004 (Okla. 1942); Roxana Petroleum Co. v. Cope, 269 P.1084 (Okla. 1928).
By a reading of 69 O.S. 1275(c)(3), we find that some sentences in this section specifically say "within the limits of an incorporated municipality," and other sentences define restrictions, "outside incorporated municipalities." On the other hand, the last sentence does not have either limitation, but in fact refers to "any" interstate or federal-aid primary highway. Use by the Legislature of the word "any" has been construed by the Courts to impart no limitation whatsoever. Shattuckv. Grider, 493 P.2d 829, 832 (Okla.Cr. 1972).
Therefore, this restriction applies to signs located either inside or outside incorporated municipalities. This construction is consistent with the Legislative intent spelled out in 69 O.S. 1271 of the Act:
 "For the purpose of promoting the public safety, health, welfare, convenience and enjoyment of public travel, to protect the public investment in public highways, and to preserve and enhance the scenic beauty of lands bordering public highways, while recognizing that outdoor advertising is a legitimate use of private property, it is hereby declared to be in the public interest to control the size, number, spacing, lighting, type and location of outdoor advertising devices, as hereinafter defined."
 It is, therefore, the official opinion of the Attorney Generalthat the five hundred (500) foot restriction in the last sentenceof 69 O.S. 1275(c)(3) (1981) applies to signs located both withinand outside incorporated municipalities.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
JANE WHEELER, ASSISTANT ATTORNEY GENERAL